# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **Donna Hart,** | * |
| **Plaintiff,** | * |
| v. | *   **Case No.:** |
| **Wal-Mart Associates, Inc., a Corporation; Fictitious Defendant A; Fictitious Defendant B; and Fictitious Defendant C,** | * |
| **Defendants.** | * |

## NOTICE OF REMOVAL

COMES NOW the defendant, Wal-mart Associates, Inc., (hereinafter "Walmart") and gives notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Dekalb County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division. In support of this Notice of Removal, Walmart shows unto the Court as follows:

### Background

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. This action was instituted by Donna Hart in the Circuit Court of Dekalb County, Alabama on April 25, 2022, against the removing party, Wal-Mart Associates, Inc. (*See* Compl., p. 2 of Exhibit A, which is a true and correct copy of all process, pleadings and orders served on the defendant).

## Complete Diversity

3. This Court has original jurisdiction under 28 U.S.C. §1332. First, complete diversity of citizenship exists between all parties to this action. Second, although the plaintiff pleads no specific amount of damages, the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

4. Plaintiff, Donna Hart, was at the institution of this civil action a citizen and resident of Alabama, as pled in her Complaint. (*See* Compl., pg. 2 of Ex. A at ¶ 1).

5. Walmart, was sued and is a Delaware corporation with its principal place of business in Arkansas.

6. Defendants, Fictitious Defendants A, B and C, are and were at the commencement of this civil action fictitious parties. In determining whether a civil action is removable, on the basis of the jurisdiction, under section 1332(a), the

citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. §§ 1332 and 1441.

## Amount in Controversy

7. The amount in controversy is not specified in the Complaint. However, it is clear that, due to the nature of the plaintiff's claims and the plaintiff's demand letter, the jurisdictional amount has been met. Where a complaint does not state a demand for a specific amount of damages, a removing defendant must demonstrate only by a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is "more likely than not" at issue in the case. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1208-10 (11th Cir. 2007); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F.ed 1069, 1072 (11th Cir. 2000).

8. The plaintiff asserts a claim of negligence against the defendants related to the plaintiff tripping and falling as she walked into the Cost Cutters hair salon, located inside the Fort Payne Walmart store, and thereby suffered bodily injury. The plaintiff seeks compensatory damages including damages for past medical expenses, pain and suffering, future medical expenses, and all incidental and consequential damages and punitive damages. (*See* Compl., pg. 3 of Ex. A at ¶ 8-9 and 11-12, and

pg. 4 of Ex. A at the Ad Damnum Clause.  Also s*ee* Plaintiff's Demand Letter, Ex. B).

9.     Walmart has proven by at least a preponderance of the evidence that the claims exceed the jurisdictional limit.

10.    Walmart denies that Plaintiff is entitled to recover any compensatory damages in this action. However, the plaintiff has alleged such damages, and they are therefore properly considered for purposes of determining the amount in controversy.

## **Removal Notice is Timely**

11.    Actions are removable generally if the action brought in state court may have originally been brought in federal court. *See* 28 U.S.C. §1441. The notice of removal must be filed within 30 days after the receipt of the complaint by the defendant. *See* 28 U.S.C. §1446(b). However, if the case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of any pleading, motion, order, etc., from which it is first ascertained to be removable. *Id.* Except, however, a case may not be removed on the basis of jurisdiction conferred under 28 U.S.C. §1332, more than one year after the action was commenced. *Id.*

12.    This case is removable upon the filing of the initial Complaint as the amount in controversy is clearly above $75,000 from the allegations of the

Complaint and the plaintiff's demand letter. (*See* Compl., pg. 3 of Ex. A and *see* Demand Letter, Ex. B).

13. This Notice of Removal is filed within one year of the commencement of this action by Plaintiff against this removing party pursuant to 28 U.S.C. §1446(b). This matter was commenced on April 25, 2022, when the Complaint was filed in Circuit Court of Dekalb County, Alabama, CV-2022-900065. (*See* Compl., Ex. A).

## Other Prerequisites for Removal

14. A copy of this Notice is being filed with the Clerk of the Circuit Court of Dekalb County, Alabama.

15. The removing party meets all prerequisites for removal under 28 U.S.C. §1441 and this pleading complies with the procedures for removal under 28 U.S.C. §1446.

16. If any question arises as to the propriety of the removal of this action, the removing party requests the opportunity to present a brief and oral argument in support of this Court's subject-matter jurisdiction, as well as the opportunity to conduct post-removal jurisdictional discovery on the issue of the amount in controversy.

WHEREFORE, the removing party requests this Honorable Court take cognizance of and jurisdiction over this cause, effect the removal of this action from

the Circuit Court of Dekalb County, Alabama, and enter such orders as may be necessary to obtain a true record of such proceedings as may have been had in the Circuit Court of Dekalb County, Alabama.

Respectfully submitted, this the 27th day of May, 2022.

s/Celeste P. Larson<br>
Celeste P. Larson (POT014)<br>
Attorney for Wal-Mart Associates, Inc.

**OF COUNSEL:**
**NORMAN, WOOD, KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone:   (205) 328-6643
Facsimile:   (205) 251-5479
Email:         clarson@nwkt.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **Donna Hart,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   **Case No.:** |
| | * |
| **Wal-Mart Associates, Inc., a Corporation; Fictitious Defendant A; Fictitious Defendant B; and Fictitious Defendant C,** | * |
| | * |
| **Defendants.** | * |
| | * |
| | * |

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk using the CM/ECF system and that I have served a copy of the foregoing electronically or by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed on this the 27th day of May, 2022, as follows as directed by the Court:

Jonathan L. Brogdon, Esq.
Wettermark Keith
100 Grandview Place, Suite 530
Birmingham, AL 35243
*Attorney for Plaintiff*

                                                                      s/Celeste P. Larson
                                                                      Of Counsel